# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MATTHEW WHITFIELD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. _____ |
| v. | ) |
| | ) JURY TRIAL DEMANDED |
| VEONEER, INC., JAN CARLSON, ROBERT W. ALSPAUGH, MARY LOUISE CUMMINGS, MARK DURCAN, JAMES M. RINGLER, KAZUHIKO SAKAMOTO, JONAS SYNNERGREN, and WOLFGANG ZIEBART, | ) ) ) ) ) ) ) |
| Defendants. | ) |

## COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## NATURE OF THE ACTION

1. This action stems from a proposed transaction announced on October 4, 2021 (the "Proposed Transaction"), pursuant to which Veoneer, Inc. ("Veoneer" or the "Company") will be acquired by QUALCOMM Inc. ("Qualcomm"), SSW Holdco LP ("SSW"), and SSW Merger Sub Corp. ("Acquisition Sub").

2. On October 4, 2021, Veoneer's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with Qualcomm, SSW, and Acquisition Sub. Pursuant to the terms of the Merger Agreement, Veoneer's stockholders will receive $37.00 in cash for each share of Veoneer common stock they own.

3. On October 25, 2021, defendants filed a proxy statement (the "Proxy Statement") with the United States Securities and Exchange Commission (the "SEC") in connection with the Proposed Transaction.

4. The Proxy Statement omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Proxy Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Veoneer common stock.

9. Defendant Veoneer is a Delaware corporation and a party to the Merger Agreement. Veoneer's common stock is traded on the New York Stock Exchange, which is headquartered in New York, New York, under the ticker symbol "VNE."

10. Defendant Jan Carlson is Chairman of the Board of the Company.

11. Defendant Robert W. Alspaugh is a director of the Company.

12. Defendant Mary Louise Cummings is a director of the Company.

13. Defendant Mark Durcan is a director of the Company.

14. Defendant James M. Ringler is a director of the Company.

15. Defendant Kazuhiko Sakamoto is a director of the Company.

16. Defendant Jonas Synnergren is a director of the Company.

17. Defendant Wolgang Ziebart is a director of the Company.

18. The defendants identified in paragraphs 10 through 17 are collectively referred to herein as the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

*Background of the Company and the Proposed Transaction*

19. Veoneer is a worldwide leader in automotive technology.

20. The Company designs, develops, and manufactures state-of-the-art software, hardware and systems for occupant protection, advanced driving assistance systems, and collaborative and automated driving to OEMs globally.

21. On October 4, 2021, Veoneer's Board caused the Company to enter into the Merger Agreement.

22. Pursuant to the terms of the Merger Agreement, Veoneer's stockholders will receive $37.00 in cash per share.

23. According to the press release announcing the Proposed Transaction:

Qualcomm Incorporated (NASDAQ: QCOM) and SSW Partners, a New York-based investment partnership ("SSW Partners"), today announced they have reached a definitive agreement to acquire Veoneer, Inc. (NYSE: VNE; SSE: VNE SDB) for $37.00 per share in an all-cash transaction, representing a total equity

value for Veoneer of $4.5 billion. Veoneer has terminated its prior acquisition agreement with Magna International Inc. ("Magna") and canceled its October 19, 2021 special meeting that was previously scheduled to approve that agreement.

At closing, SSW Partners will acquire all of the outstanding capital stock of Veoneer, shortly after which it will sell the Arriver business to Qualcomm and retain Veoneer's Tier-1 supplier businesses. SSW Partners will lead the process of finding strong, long-term strategic partners. This transaction structure facilitates the long-term success of all Veoneer's businesses. . . .

Transaction Details

The cash purchase price of $37.00 per share represents an 18% premium to Veoneer's prior agreement with Magna, and an 86% premium to the unaffected share price prior to the announcement of the Magna agreement. The transaction has been approved by the boards of directors of Qualcomm and Veoneer and is subject to regulatory approvals including under the Hart-Scott-Rodino Antitrust Improvements Act of 1976 in the United States, certain European foreign direct investment approvals, approval by Veoneer stockholders and other customary conditions. The transaction is expected to close in 2022.

The announcement follows the Veoneer board's determination, with the assistance of its financial and legal advisors, that a formal acquisition offer Veoneer received from Qualcomm and SSW Partners on October 1, 2021 constitutes a "Superior Proposal" under the terms of Veoneer's merger agreement with Magna dated July 22, 2021. Magna has waived its right to submit a revised proposal to Veoneer.

Advisors

Centerview Partners LLC and Evercore Group L.L.C. acted as financial advisors to Qualcomm and Paul, Weiss, Rifkind, Wharton & Garrison LLP acted as legal counsel. Davis Polk & Wardwell acted as legal counsel to SSW Partners. Morgan Stanley and Rothschild & Co acted as financial advisors to Veoneer, and Skadden, Arps, Slate, Meagher & Flom LLP acted as legal counsel.

***The Proxy Statement Omits Material Information, Rendering It False and Misleading***

24. Defendants filed the Proxy Statement with the SEC in connection with the Proposed Transaction.

25. As set forth below, the Proxy Statement omits material information.

26. First, the Proxy Statement omits material information regarding the Company's financial projections.

27.     With respect to the Company's financial projections, the Proxy Statement fails to disclose: (i) all line items used to calculate the projections; and (ii) a reconciliation of all non-GAAP to GAAP metrics.

28.     The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

29.     Second, the Proxy Statement omits material information regarding the analyses performed by the Company's financial advisors, Rothschild & Co. ("Rothschild") and Morgan Stanley.

30.     With respect to Morgan Stanley's Public Trading Comparables Analysis, the Proxy Statement fails to disclose the individual multiples and metrics for the companies observed by Morgan Stanley in the analysis.

31.     With respect to Morgan Stanley's Discounted Cash Flow Analysis, the Proxy Statement fails to disclose: (i) the terminal values for the Company; (ii) the individual inputs and assumptions underlying the discount rates and perpetuity growth rates; (iii) all line items used to calculate projected cash flows; (iv) the Company's total debt including financial leases, tax-effected pension liability, cash and cash equivalent and investments; and (v) the number of outstanding Company common shares on a fully diluted basis.

32.     With respect to Morgan Stanley's Precedent Transactions Multiples Analysis, the Proxy Statement fails to disclose the individual multiples and metrics for the transactions observed by Morgan Stanley in the analysis.

33. With respect to Morgan Stanley's Equity Research Analysts' Future Price Targets analysis, the Proxy Statement fails to disclose: (i) the price targets observed in the analysis; and (ii) the sources thereof.

34. With respect to Rothschild's Discounted Cash Flow Analysis, the Proxy Statement fails to disclose: (i) the terminal values for the Company; (ii) the individual inputs and assumptions underlying the discount rates and perpetuity growth rates; (iii) all line items used to calculate projected cash flows; (iv) the Company's net debt; and (v) the number of fully-diluted shares outstanding of the Company.

35. With respect to Rothschild's selected equity analyst per share target prices analysis, the Proxy Statement fails to disclose: (i) the price targets observed in the analysis; and (ii) the sources thereof.

36. With respect to Rothschild's premiums paid analysis, the Proxy Statement fails to disclose: (i) the transactions observed in the analysis; and (ii) the premiums paid in the transactions.

37. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

38. The omission of the above-referenced material information renders the Proxy Statement false and misleading.

39. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

**Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Veoneer**

40. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

41. The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. Veoneer is liable as the issuer of these statements.

42. The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

43. The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

44. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

45. The Proxy Statement is an essential link in causing plaintiff to approve the Proposed Transaction.

46. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

47. Because of the false and misleading statements in the Proxy Statement, plaintiff is threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants

48. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

49. The Individual Defendants acted as controlling persons of Veoneer within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or directors of Veoneer and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

50. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

51. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Proxy Statement.

52. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the 1934 Act.

53. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act. As a direct and proximate result of defendants' conduct, plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Proxy Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: November 5, 2021          **RIGRODSKY LAW, P.A.**

By: */s/ Gina M. Serra*
Seth D. Rigrodsky
Timothy J. MacFall
Gina M. Serra
Vincent A. Licata
825 East Gate Boulevard, Suite 300
Garden City, NY 11530
Telephone: (516) 683-3516
Email: sdr@rl-legal.com
Email: tjm@rl-legal.com
Email: gms@rl-legal.com
Email: vl@rl-legal.com

*Attorneys for Plaintiff*